[Civ. No. 56817. Second Dist., Div. Two. Dec. 28, 1979.]

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Donald L. Reidhaar, George L. Marchand, Allen B. Wagner and Christine Helwick for Plaintiff and Appellant.

Burt Pines, City Attorney, Thomas C. Bonaventura and John F. Haggerty, Assistant City Attorneys, for Defendants and Respondents.

OPINION

FLEMING, J.—The Regents of the University of California appeal a judgment in favor of the City of Los Angeles upholding the imposition of a "sewage facilities charge" against the Regents.

The ordinance establishing a "sewage facilities charge" for all users of the city sewer system was enacted by the city in 1970 to provide funding for public sewer construction in Los Angeles. Payment of the charge, whose amount is scaled to anticipated use by each user is required before any connection to the public sewer can be made. Additionally, users of the city sewer system must pay (1) a "sewer con-

nection charge," which covers the cost of services in making the initial physical connection to the sewer system, and (2) a "monthly sewer service charge," which covers the cost of processing the sewage.

In 1975 the city collected the "sewage facilities charge" from the Regents before allowing them to connect a new alumni center building at the University's Los Angeles campus to the city sewer system. The Regents paid the charge under protest and then filed this action to declare the charge invalid, to obtain a refund, and to enjoin the city from collecting a "sewage facilities charge" from the Regents in the future.

The trial court ruled that because the charge is required of all users of the system based upon anticipated use, the Regents were properly required to contribute their fair share toward the capital costs of sewer construction. ■■ On appeal, the Regents argue that the charge is a special assessment from which they are constitutionally exempt. We agree.

■ A special assessment is generally defined as a charge imposed on property owners within a limited area to help pay the cost of a local improvement designed to enhance the value of the property within that area. (*Northwestern etc. Co.* v. *St. Bd. Equal.* (1946) 73 Cal.App.2d 548, 552 [166 P.2d 917]; *County of San Bernardino* v. *Flournoy* (1975) 45 Cal.App.3d 48, 52 [117 Cal.Rptr. 732].) ■ Because state and local government property is specifically exempt from property taxation (Cal. Const., art. XIII, § 3), such property is also exempt from special assessments. (*Inglewood* v. *County of Los Angeles* (1929) 207 Cal. 697, 703-704 [280 P. 360]; *County of Riverside* v. *Idyllwild County Water District* (1978) 84 Cal.App.3d 655, 659-660 [148 Cal.Rptr. 650]; *County of Santa Barbara* v. *City of Santa Barbara* (1976) 59 Cal. App.3d 364, 369-70 [130 Cal.Rptr. 615].)

At bench, although the amount of the "sewage facilities charge" is based upon anticipated use of the sewer system by the user, the collected revenues are not used to defray the costs of providing sewer service to the users. Such costs are funded through the "sewer connection charge" and the "monthly sewer service charge," charges whose payment the Regents do not dispute. Rather, the revenues collected as a result of the "sewage facilities charge" are used by the city to provide capital for sewer construction, i.e. to finance local improvements. Such a charge for capital funding is little more than a disguised special as-

sessment. (*County of Riverside* v. *Idyllwild County Water District, supra,* 84 Cal.App.3d at pp. 659-660.) City argues, and the court below agreed, that the Regents should be required to pay their fair share of the capital costs of local improvements whose benefits they enjoy. The people of the city, the argument goes, should not be required to bear the full burden of improvements whose benefits inure to the people of the state as a whole, as is the case with a state university. This argument, perhaps a good one, is directed in the wrong quarter, for this court has no authority to modify the tax-exempt status of publicly owned property. Unless some constitutional modification of article XIII is adopted, the "sewer facilities charge" remains as merely one more special assessment masquerading under a different name and one more attempt by a local taxing entity to accomplish indirectly what it cannot do directly. Although the Regents may benefit from an improved and expanded sewer system, by reason of their exemption from property taxation they cannot be required to contribute to its capital costs. (*County of Santa Barbara* v. *City of Santa Barbara* (1976) 59 Cal.App.3d 364, 370 [130 Cal.Rptr. 615]; *County of Riverside* v. *Idyllwild County Water District, supra,* 84 Cal.App.3d at pp. 659-660.)

The judgment is reversed.

Roth, P. J., and Beach, J., concurred.

A petition for a rehearing was denied January 24, 1980, and respondents' petition for a hearing by the Supreme Court was denied February 27, 1980.